| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| Paul E. Johnson and C. Taren Vang, | Case Type: Other Civil |
| Plaintiff, | Judge: Joseph R. Klein |
| v. | Court File No.: 27-CV-20-14385 |
| City of Minneapolis; and Officer Nathan Sundberg, in his individual and official capacities; the Bureau of Criminal Apprehension; and Agents Michelle Frascone; Rachel Nelson; and Christopher Olson in their individual and official capacities, | ANSWER OF DEFENDANTS CITY OF MINNEAPOLIS AND OFFICER NATHAN SUNDBERG TO PLAINTIFFS' AMENDED COMPLAINT |
| Defendants. | |

For their Answer to Plaintiffs' Amended Complaint, Defendants City of Minneapolis and Nathan Sundberg ("City Defendants") state and allege as follows:

Except as admitted or otherwise pleaded herein, City Defendants deny each and every matter, allegation and thing in Plaintiffs' Amended Complaint.

## INTRODUCTION

1. City Defendants admit that this action has been brought as alleged in paragraph 1 of the Amended Complaint; deny that Plaintiffs' claims have any merit.

2. City Defendants admit that Plaintiffs have made the claims alleged in paragraph 2 of the Amended Complaint; deny that Plaintiffs' claims have any merit.

3. City Defendants admit that Plaintiffs have made the claims alleged in paragraph 3 of the Amended Complaint; deny that Plaintiffs' claims have any merit.

4. City Defendants admit that Plaintiffs have made the claims alleged in paragraph 4 of the Amended Complaint; deny that Plaintiffs' claims have any merit.

**VENUE**

5. Admit that venue is proper in the 2nd Judicial District; affirmatively allege that this matter contains allegations of violation of Federal Law, and thus, it is subject to removal to the District of Minnesota.

**PARTIES**

6. By information and belief, admit the allegations in paragraph 6 of the Amended Complaint.

7. By information and belief, admits the allegations in paragraph 7 of the Amended Complaint.

8. Admit the allegations in paragraph 8 of the Amended Complaint.

9. Admit the allegations that all times relevant that Officer Sundberg was an employee of the City of Minneapolis; the remaining allegations in paragraph 9 of the Amended complaint are legal assertions to which no response is required.

10. The allegations in paragraph 10 of the Amended Complaint are lodged against other parties, and constitute legal conclusions, and therefore no response is required by City Defendants. To the extent a further response is required, City

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore they are denied.

11. The allegations in paragraph 11 of the Amended Complaint are lodged against other parties, and constitute legal conclusions, and therefore no response is required by City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore they are denied.

## **FACTS**

12. City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint, therefore they are denied.

13. City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about when Plaintiff arrived at the location, therefore they are denied; admit the remaining allegations in paragraph 13 of the Amended Complaint.

14. Admit that at some point Plaintiff Johnson identified himself to Officer Sundberg; deny any remaining allegations in paragraph 14 of the Amended Complaint.

15. Admit that at some point, Officer Sundberg opened the door of a squad car and asked Paul Johnson to sit down; deny any remaining allegations in paragraph 15 of the Amended Complaint.

16. Deniy the allegations in paragraph 16 of the Amended Complaint.

17. Admit that Officer Sundberg instructed Johnson to sit in the car; denies any remaining allegations in paragraph 17 of the Amended Complaint.

18. Admit that Johnson held a backpack with various contents; are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Amended Complaint, therefore they are denied.

19. Deny the allegations in paragraph 19 of the Amended Complaint.

20. Deny the allegations in paragraph 20 of the Amended Complaint.

21. Deny the allegations in paragraph 21 of the Amended Complaint.

22. Admit that Sundberg asked Johnson to place his feet into the squad; deny any remaining allegations in paragraph 22 of the Amended Complaint.

23. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint, therefore they are denied.

24. Admit that Johnson voluntarily placed his legs into the squad and Officer Sundberg closed the door; denies the remaining allegations in paragraph 24 of the Amended Complaint.

25. Deny the allegations in paragraph 25 of the Amended Complaint.

26. Admit that after Vang arrived, Officer Sundberg exited his squad and approached her; deny any remaining allegations in paragraph 26 of the Amended Complaint.

27. Officer Sundberg's body camera video speaks for itself; to the extent that the conversation alleged in paragraph 27 of the Amended Complaint differs in any way from Officer Sundberg's body camera video, the allegations are denied.

28. Admit that Officer Sundberg walked with Ms. Vang to his squad car and asked her to sit in there; further admit that Vang voluntarily got into the squad car; deny any remaining allegations in paragraph 28 of the Amended Complaint.

29. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint, therefore they are denied.

30. Deny the allegations in paragraph 30 of the Amended Complaint.

31. Deny the allegations in paragraph 31 of the Amended Complaint.

32. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint, therefore they are denied.

33. As for Officer Sundberg only, admit the allegations in paragraph 33 of the Amended Complaint; are without knowledge or information sufficient to form a belief

as to the truth of the allegations of what others may have said, therefore the allegations are denied.

48. Admit the allegations in paragraph 34 of the Amended Complaint.

49. Deny the allegations in paragraph 35 of the Amended Complaint.

50. Deny the allegations in paragraph 36 of the Amended Complaint.

51. Deny the allegations in paragraph 37 of the Amended Complaint.

52. Admit that Officer Sundberg, on multiple occasions, sat in the squad's front seat and conversed with both Mr. Johnson and Ms. Vang; deny the remaining allegations in paragraph 38 of the Amended Complaint.

53. The relevant squad video plays as it does and speaks for itself; to the extent that the allegations in paragraph 39 of the Amended Complaint differ in any way from what is depicted on the video, the allegations are denied; are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Amended Complaint, therefore they are denied.

54. The allegations in paragraph 40 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint and therefore they are denied. The relevant squad video plays as it does and speaks for itself; to the extent that the allegations in paragraph 40 of

as to the truth of the allegations of what others may have said, therefore the allegations are denied.

34. Admit the allegations in paragraph 34 of the Amended Complaint.

35. Deny the allegations in paragraph 35 of the Amended Complaint.

36. Deny the allegations in paragraph 36 of the Amended Complaint.

37. Deny the allegations in paragraph 37 of the Amended Complaint.

38. Admit that Officer Sundberg, on multiple occasions, sat in the squad's front seat and conversed with both Mr. Johnson and Ms. Vang; deny the remaining allegations in paragraph 38 of the Amended Complaint.

39. The relevant squad video plays as it does and speaks for itself; to the extent that the allegations in paragraph 39 of the Amended Complaint differ in any way from what is depicted on the video, the allegations are denied; are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Amended Complaint, therefore they are denied.

40. The allegations in paragraph 40 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint and therefore they are denied. The relevant squad video plays as it does and speaks for itself; to the extent that the allegations in paragraph 40 of

the Amended Complaint differ in any way from the conversation(s) depicted on the squad video, they are denied.

41. The allegations in paragraph 41 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint and therefore they are denied. The relevant squad video plays as it does and speaks for itself; to the extent that the allegations in paragraph 41 of the Amended Complaint differ in any way from what is depicted on the squad video, they are denied.

42. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint, therefore they are denied.

43. Deny the allegations in paragraph 43 of the Amended Complaint.

44. Admit that Vang and Johnson drove in Vang's car downtown; deny the remaining allegations in paragraph 44 of the Amended Complaint.

45. Admit that an officer accompanied Vang and Johnson from the sidewalk, into City Hall, up an escalator, into a waiting area; denies any remaining allegations in paragraph 45 of the Amended Complaint.

46. Deny the allegations in paragraph 46 of the Amended Complaint.

47. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint, therefore they are denied.

48. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint, therefore they are denied.

49. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint, therefore they are denied.

50. The allegations in paragraph 50 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint and therefore they are denied.

51. The allegations in paragraph 51 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint and therefore they are denied.

52. The allegations in paragraph 52 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint and therefore they are denied.

53. The allegations in paragraph 53 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint and therefore they are denied.

54. The allegations in paragraph 54 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint and therefore they are denied.

55. The allegations in paragraph 55 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint and therefore they are denied.

56. The City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint and therefore they are denied.

57. The allegations in paragraph 57 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Complaint and therefore they are denied.

58. The allegations in paragraph 58 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint and therefore they are denied.

59. The allegations in paragraph 59 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint and therefore they are denied.

60. The allegations in paragraph 60 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the

extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint and therefore they are denied.

61. The allegations in paragraph 61 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint and therefore they are denied.

62. The allegations in paragraph 62 of the Amended Complaint are lodged against other parties, therefore, no response is required by the City Defendants. To the extent a further response is required, City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint and therefore they are denied.

63. Deny the allegations in paragraph 63 of the Amended Complaint.

## CLAIMS FOR RELIEF

### COUNT 1: FALSE IMPRISONMENT

64. City Defendants restate and reallege every response to every allegation in the Amended Complaint.

65. City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Amended Complaint and therefore they are denied.

66. City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Amended Complaint and therefore they are denied.

67. Deny the allegations in paragraph 67 of the Amended Complaint.

68. Deny the allegations in paragraph 68 of the Amended Complaint.

69. Deny the allegations in paragraph 69 of the Amended Complaint.

70. Deny the allegations in paragraph 70 of the Amended Complaint.

71. Deny the allegations in paragraph 71 of the Amended Complaint.

72. Deny the allegations in paragraph 72 of the Amended Complaint.

73. Deny the allegations in paragraph 73 of the Amended Complaint.

74. Deny the allegations in paragraph 74 of the Amended Complaint.

**COUNT 2: 42 U.S.C. § 1983- FOURTH AMENDMENT FALSE IMPRISONMENT AGAINST DEFENDANTS SUNDBERG AND CITY OF MINNEAPOLIS**

75. City Defendants restate and reallege every response to every allegation in the Amended Complaint.

76. Deny the allegations in paragraph 76 of the Amended Complaint.

77. Deny the allegations in paragraph 77 of the Amended Complaint.

78. Deny the allegations in paragraph 78 of the Amended Complaint.

**COUNT 3: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEARCH AGAINST DEFENDANTS SUNDBERG AND CITY OF MINNEAPOLIS**

79. City Defendants restate and reallege every response to every allegation in the Amended Complaint.

80. Deny the allegations in paragraph 80 of the Amended Complaint.

81. Deny the allegations in paragraph 81 of the Amended Complaint.

82. Deny the allegations in paragraph 82 of the Amended Complaint.

**COUNT 4: 42 U.S.C. § 1983 – FOURTH AMENDMENT FALSE IMPRISONMENT AGAINST DEFENDANT AGENTS FRASCONE, NELSON, OLSON AND THE BUREAU OF CIRMINAL APPREHENSION**

Count 4 is made against parties other than these answering City Defendants. The City Defendants are not answering this count. To the extent that an answer is required from the City Defendants, they deny the allegations in paragraphs 83-86.

**COUNT 5: U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEARCH AGAINST DEFENDANT AGENTS FRASCONE AND NELSON AND THE BUREAU OF CIRMINAL APPREHENSION**

Count 5 is made against parties other than these answering City Defendants. The City Defendants are not answering this count. To the extent that an answer is required from the City Defendants, they deny the allegations in paragraphs 87-90.

## RELIEF REQUESTED (PRAYER)

The prayer for relief is not subject to responsive pleading. To the extent that the prayer in any way alleges or implies liability on the part of this answering Defendant, it is denied.

## AFFIRMATIVE DEFENSES

1.  The Amended Complaint fails to state a claim upon which relief can be granted.

2.  Plaintiffs were free to go at all relevant times, they remained and were questioned under their own free will.

3.  By information and belief, exigent circumstances existed at all relevant times.

4.  One or more claims are barred by passing of the relevant statute of limitations.

5.  Defendants affirmatively allege that their liability, if any, which it expressly denied, is limited by Minn. Stat. § 466.04.

6.  Defendants affirmatively allege that they have statutory immunity from liability in this action, established, in part, under the provisions of Minn. Stat. §§ 466.03 and 466.04.

7. Defendants affirmatively allege that, at all times relevant to the Amended Complaint, Defendants were protected by official immunity, statutory immunity, qualified immunity, vicarious official immunity, and/or any other applicable immunity

8. Defendants deny that their actions were in any way illegal, invalid, unreasonable, capricious, or arbitrary.

9. Defendants did not abuse their discretion in performing any functions or duties.

10. Defendants affirmatively allege that the acts upon which the Amended Complaint are made were privileged, were commanded or authorized by law, or were done in a reasonable and lawful manner under the circumstances, such that the Defendants are immune from liability in this action.

11. Defendants deny that the Plaintiffs are entitled to injunctive or declaratory relief.

12. Plaintiffs cannot prove actual damages.

13. Plaintiffs cannot prove monetary damages.

14. Plaintiffs failed to mitigate their damages, if any.

15. City Defendants in their official capacities are not "persons" subject to suit under 42 U.S.C. §§1983 and 1988, and the doctrine of vicarious liability does not apply to such claims.

16. Plaintiffs were never "seized" by the City Defendants, they were always fee to leave, and they voluntarily consented to stay in the squad car, to drive, on their own to City Hall, and to be questioned by State investigators.

17. Plaintiffs' claims also may be barred by affirmative defenses contemplated by Rule 12.02 of the Minnesota Rules of Civil Procedure which are not specifically set forth above. The extent to which the Complaint's claims may be barred by one or more of said affirmative defenses cannot be determined at this time. Pending further discovery, Defendants allege and incorporate all such affirmative defenses set forth in Minn. R. Civ. P. 12.02.

**WHEREFORE**, Defendants pray for an Order of this Court as follows:

1. Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2. Awarding Defendants all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3. For such other and further relief as this Court deems appropriate.

Dated:  December 1, 2020

JAMES R. ROWADER, JR.
City Attorney
By

*s/GregoryPSautter*
GREGORY P. SAUTTER
Assistant City Attorney
Attorney Reg No. 0326446
City Hall, Room 210
350 South Fifth Street
Minneapolis, MN  55415
(612) 673-2683

*Attorneys for Defendants City of Minneapolis and Officer Nathan Sundberg*

## ACKNOWLEDGMENT

Defendant, through its attorneys, acknowledges that sanctions may be imposed under Minn. Stat. § 549.211, if the statute is found to apply.

DATE:  December 1, 2020

*s/GregoryPSautter*
GREGORY P. SAUTTER
Assistant City Attorney